**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 20-2041

————————

FLAVIA STOVALL,
                                        Appellant

v.

JAMES GRAZIOLI, Human Resources Manager;
JEFF WEISEMANN, Finance Division Manager;
LUIS PEREZ, Asst. Finance Division Manager, et al.;
STATE OF NEW JERSEY

————————

On Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 1:16-cv-4839)
District Judge:  Honorable Noel L. Hillman

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 19, 2023

Before: AMBRO,[*] PORTER, and FREEMAN, *Circuit Judges*.

(Opinion filed: April 27, 2023)

———————————————————

[*] Judge Ambro assumed senior status on February 6, 2023.

———————

OPINION[*]

———————

FREEMAN, *Circuit Judge.*

Flavia Stovall appeals from the District Court's order dismissing her second amended complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm in part, vacate in part, and remand to the District Court for further proceedings.

I.

Plaintiff Flavia Stovall is an African-American woman who worked in the New Jersey Judiciary, Camden Vicinage ("Camden Judiciary") between December 1998 and January 2019. In 2016, she filed a *pro se* complaint against the Camden Judiciary and three of its employees: her supervisors in the Finance Division, Jeffrey Weisemann and Luis Perez (together, "the Supervisors"), and Human Resources Manager James Grazioli. The District Court could not discern the grounds for relief, so it dismissed the complaint and granted Stovall leave to file an amended complaint assisted by her recently obtained counsel. Stovall did so, and the District Court again dismissed the complaint because of pleading deficiencies, granting Stovall one final opportunity to amend.

In her second amended complaint, Stovall claimed that the Camden Judiciary violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII")

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

by: (1) discriminating against her on the basis of race by engaging in disparate treatment and creating a hostile work environment; and (2) retaliating against her for filing complaints about discrimination and retaliation.[1]  In support of these claims, she described several incidents between her and the Supervisors on dates ranging from October 2013 through December 2015.  She also described interactions between other Finance Division employees—including white female employees in similar positions— and the Supervisors or unnamed members of Finance Division management.

The District Court granted the Camden Judiciary's motion to dismiss the second amended complaint with prejudice, denying Stovall leave to further amend due to her repeated failures to correct pleading deficiencies.  Stovall timely appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise de novo review over the District Court's grant of a motion to dismiss.  *Castleberry v. STI Grp.*, 863 F.3d 259, 262–63 (3d Cir. 2017).  A claim survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).  We review the District Court's denial of

---

[1]  Although Stovall named the individual defendants in the complaint, she later clarified that she sought relief only against the Camden Judiciary.

3

leave to amend for abuse of discretion. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

## III.

We agree with the District Court that Stovall did not allege sufficient facts to plausibly entitle her to relief on her claims of disparate treatment and hostile work environment,[2] but we conclude that she pled sufficient facts to proceed to discovery on her retaliation claim.

### a. Disparate Treatment & Hostile Work Environment

To support disparate treatment and hostile work environment claims, a plaintiff must allege sufficient facts to support a plausible inference that her protected status factored into her employer's challenged actions. *See Connelly*, 809 F.3d at 788; *Castleberry*, 863 F.3d at 263;[3] *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013). Stovall alleged that the Supervisors disciplined her and acted in ways that caused her to feel insulted and embarrassed. Accepted as true, these incidents raise no overt or implicit suggestion that the Supervisors treated her differently because of her race. Although the Supervisors' alleged behavior might be consistent with discrimination, it is also

---

[2] We reach this conclusion upon de novo review despite that the District Court reviewed the complaint for a prima facie claim under Title VII. "[A] complaint need not establish a *prima facie* case in order to survive a motion to dismiss," *Connelly*, 809 F.3d at 788; it need only allege sufficient facts to raise a reasonable expectation that the plaintiff could prove her claims after discovery, *id.* at 789.

[3] While *Castleberry* addressed discrimination claims under 42 U.S.C. § 1981, such claims "are subject to the same analysis as discrimination claims under Title VII." *Castleberry*, 863 F.3d at 263.

consistent with nondiscriminatory motives. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (facts that are "'merely consistent' with a defendant's liability" fail to establish a plausible entitlement to relief).

Where Stovall alleged that her Supervisors treated her differently than other employees, she either failed to identify relevant comparators, failed to allege differential treatment for the same conduct, or failed to show that her treatment was less favorable than that of other employees. *See Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 170 (3d Cir. 2013) ("[T]he identification of a similarly situated individual outside of the protected class, who engaged in the same conduct but was treated more favorably, may give rise to an inference of unlawful discrimination."); *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 305 (3d Cir. 2004) (a relevant comparator should share similar "job function[s], [and] level[s] of supervisory responsibility" with the plaintiff). On these facts, we cannot reasonably infer that these incidents involved plausible discrimination.

### b. Retaliation

Stovall alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence of a retaliation claim's elements: that "(1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly*, 809 F.3d at 789. She alleged that she filed suit against the Camden Judiciary in 2014 claiming discrimination and retaliation in violation of the New Jersey Law Against

5

Discrimination ("the 2014 NJLAD suit").[4]  Although she did not further specify the

nature of the claims she raised in the 2014 NJLAD suit, as a defendant in that suit the

Camden Judiciary was aware that Stovall had claimed retaliation for her prior opposition

to racial discrimination.[5]  Stovall's allegations suffice to show that she engaged in

conduct protected by Title VII.  42 U.S.C. § 2000e-3(a) (making it unlawful for an

employer to "discriminate against any of his employees . . . because he has opposed any

practice made an unlawful employment practice by this subchapter").

Stovall also sufficiently alleged adverse action and causation.[6]  According to her

second amended complaint, the Camden Judiciary filed a motion to dismiss her NJLAD

complaint on April 10, 2015, but on that date or on April 15 the state court permitted

Stovall to produce documentary evidence of her Supervisors' discrimination.  On April

[4] In its brief, the Camden Judiciary argued that the Supervisors' alleged conduct in temporal proximity to developments in Stovall's 2014 NJLAD suit do not support a retaliation claim, and Stovall addressed that argument in her reply brief.  *McCray v. Fid. Nat. Title Ins. Co*., 682 F.3d 229, 241 (3d Cir. 2012) ("Although we have generally held that an appellant [forfeits] an argument in support of reversal if he does not raise that argument in his opening brief, it is well settled that where an appellee raises an argument not addressed by the appellant in its opening brief, the appellant may reply.") (cleaned up).  This Court may thus consider whether the 2014 NJLAD suit is protected conduct. *Id.*

[5] The Camden Judiciary attached a copy of Stovall's 2014 NJLAD complaint to its motion to dismiss the original complaint in this matter, and we take judicial notice of the 2014 NJLAD complaint as a matter of public record.  *Geness v. Admin. Off. of Pennsylvania Cts.*, 974 F.3d 263, 276 (3d Cir. 2020).

[6] The partial dissent concludes that Stovall has not alleged sufficient facts to support causation.  It relies on cases in which this Court addressed whether a plaintiff made out a prima facie case *after discovery* so as to withstand summary judgment.  As set out in Note 2 above, that is not the inquiry we use at the motion-to-dismiss stage.  While Stovall may ultimately be unable to adduce facts to support causation, her pleading is sufficient.

14, a Supervisor instructed Stovall's subordinate to search Stovall's files, which was a violation of workplace policy; on April 21, Stovall learned that a Supervisor had lodged a complaint against her, and another Supervisor questioned her in the presence of union officials; and on May 7, the Camden Judiciary suspended her without pay. The temporal proximity between significant developments in the NJLAD suit and the Supervisors' conduct culminating in Stovall's suspension permits an inference of causation. *Connolly*, 809 F.3d at 792 n.11. The second amended complaint contains sufficient factual allegations to state a retaliation claim.

### c. Dismissal with Prejudice

Under Federal Rule of Civil Procedure 15(a), "the court should freely give leave [to amend] when justice so requires." But a District Court has discretion to dismiss a complaint with prejudice when there are "repeated failures to cure the deficiency by amendments previously allowed . . ." *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004) (cleaned up). Because Stovall was unable to cure her pleading deficiencies despite guidance from the District Court, the Court did not abuse its discretion by denying her further leave to amend.

## IV.

For the reasons discussed above, we will affirm the judgment of the District Court as to Stovall's disparate treatment and hostile work environment claims, and we will reverse and remand for further proceedings on her retaliation claim.

7

PORTER, *Circuit Judge*, concurring in part and dissenting in part.

I agree with the majority that Flavia Stovall has failed to allege facts that, if true, show that she plausibly suffered from illegal disparate treatment or was subjected to a hostile work environment because of her race. We part ways on the retaliation claim. In my view, Stovall fails to plead facts supporting that claim, too.

For Stovall's retaliation claim to survive dismissal, it must be plausible, according to the well-pleaded facts in her complaint, that she engaged in protected employment activity, that she suffered an adverse employment action either after or contemporaneous with the activity, and that a causal connection between the two exists. *Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (3d Cir. 2006) (internal citation omitted). Stovall presents two theories for her retaliation claim.

Stovall presented the first theory for her retaliation claim in her opening brief. She identified her protected conduct as a request for a meeting to discuss her supervisors' "continual undermining of her authority to supervise" the bail and audit units. Appellant's Br. 37–38 (citing App. 576a ¶ 26). She asserted "that an adverse employment action was taken against her." *Id.* She did not identify that adverse employment action or point to any facts alleged in her complaint supporting her assertion. And Stovall admitted she did not "specifically allege causation" for her retaliation claim. *Id.* She instead contended that "the substance of the allegations are enough to urge a understanding that, with discovery, the complaint could demonstrate causation." *Id.* She offered no theory of causation and pointed to no factual allegations implying causation.

1

Appellees identified those deficiencies. Appellees' Br. 17–19. In reply, Stovall cobbled together an altogether different theory of retaliation, contending that the 2014 lawsuit was protected activity. Appellant's Reply Br. 21. She also stated she suffered an adverse action when a supervisor imposed the 2015 suspension. *Id.* at 22. We typically do not consider arguments presented for the first time in the reply brief, and Stovall does not present any reasons to disregard that practice. *Rinaldi v. United States*, 904 F.3d 257, 263 n.6 (3d Cir. 2018). But her new theory does no better than the first because she failed again to allege facts showing that her October 2014 lawsuit was a plausible but-for cause of the 2015 suspension. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) (protected conduct must be a but-for cause of adverse action in retaliation claims). To be sure, causation can be inferred in certain circumstances. Other than mentioning that she does not work in a blue-collar workplace, Stovall makes no argument here detailing which circumstances support an inference of causation.

To establish causation, Stovall's allegations must be "sufficient to raise the inference that her protected activity was the *likely reason* for the adverse employment action." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 259 (3d Cir. 2017) (internal citation, quotation, and brackets omitted). Yet what they show is that the 2015 suspension followed a pattern of misconduct and discipline beginning before the 2014 lawsuit was filed. Namely, nine months before the 2014 lawsuit was filed, a supervisor suspended Stovall for responding inappropriately to a question. App. 573a ¶ 15–16. Although the 2015 suspension occurred after developments in the 2014 lawsuit, it also followed the same pattern as the prior suspension: there were two conflicts between

2

Stovall and her supervisors, and she was suspended. So Appellees treated similar misconduct similarly before and after the 2014 lawsuit was filed. The misconduct, and not the lawsuit, is the likely reason for the 2015 suspension.

Rather than address Stovall's shifting arguments, the majority makes its own. Yet the allegations do not permit an inference of causation under the majority's theory, either. The majority believes Stovall's protected conduct is a routine development in her 2014 lawsuit: on April 10, 2015, a court granted her leave to present a series of emails. Four weeks later, Stovall received a memorandum of a suspension. A four-week delay "is not so close as to be unduly suggestive," but we may consider "timing plus other evidence." *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (three weeks was not unduly suggestive).

The majority recites Stovall's allegations that a subordinate searched her files for a specific court record, that a supervisor lodged a complaint against her, and that she was questioned in front of union officials. I do not believe these facts are a sufficient basis to infer causation. In my view, the complaint and questions are incidental to the suspension, not separate evidence of retaliation. The search of Stovall's files ceased once the record was located. Thus, I would conclude, "in the context of the record as a whole, the chronology of events does not provide substantial support" for Stovall's retaliation claim. *Id.*

For these reasons, I would affirm the District Court. Because the majority revives Stovall's retaliation claim, I respectfully dissent.